THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALLIANCE OPHTHALMOLOGY, PLLC; DALLAS RETINA CENTER, PLLC; TEXAS EYE AND CATARACT, PLLC; AND HOFACRE OPTOMETRIC CORPORATION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ECL GROUP, LLC; ECL HOLDINGS, LLC; EYE CARE LEADERS HOLDINGS, LLC; EYE CARE LEADERS PORTFOLIO HOLDINGS, LLC; INTEGRITY EMR, LLC; INTEGRITY EMR HOLDINGS, LLC; ALTA BILLING, LLC; AND ALTA BILLING HOLDINGS, LLC,<br><br>Defendants. | 1:22-CV-00296-LCB-JLW |
| KIMBERLY FARLEY, CHAD FORRESTER, AND KIMBERLY SANDVIG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EYE CARE LEADERS HOLDINGS, LLC,<br><br>Defendant. | 1:22-CV-00468-CCE-JLW |

## JOINT MOTION FOR ONE-WEEK EXTENSION OF DEADLINE IN WHICH TO MOVE FOR APPROVAL OF ANY CLASS SETTLEMENT

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and LR 6.1 and LR 7.3(j), the parties move the Court for a one-week extension of time in which to move for approval of any class settlement. In support of this motion, the parties show the Court:

1.     After a settlement conference on April 10, 2023, the parties moved for establishment of interim case management deadlines and a stay of all other case deadlines.

2.     On April 20, 2023, the Court granted that motion and established interim case deadlines, including a deadline in which to consolidate the parallel class actions and in which to move for approval of any class settlement. (Doc. 57.)

3.     The Court extended the interim class deadlines on June 7, requiring a status report on June 16, and making July 21 the new deadline in which to move for approval of any class settlement.

4.     The parties provided a joint status report on June 16 (Doc. 60), and the parallel class actions were consolidated for purposes of class settlement on June 29, 2023 (Doc. 61).  In their status report, the Parties disclosed that they required additional time to negotiate and finalize a proposed settlement agreement, in order to address potential recovery from additional insurance policies, close remaining deal points, and address previously unanticipated issues.

5.     The parties have worked diligently to conclude their negotiations and have now reached a final Settlement Agreement.

6.     The parties anticipate moving for approval of a limited fund settlement under Rule 23(b)(1)(B), which will require them to show that, due to Defendants' limited financial resources, adjudicating the claims of individual plaintiffs would, as a practical matter, be dispositive of claims asserted by later plaintiffs.

7.     As a result, the Settlement Agreement requires that Defendants provide a copy of the order or other filings under which they claim their assets are subject to a lien and/or injunction by a North Carolina court, and other documentation, including financial statements, sufficient to prove to a reasonable certainty that they have no additional assets to provide the Settlement Class. Defendants recently provided the necessary documents and filings from the State court proceedings.  The materials from the State court proceedings involve at least three orders involving a multitude of entities that must be traced through a complex corporate structure through which the defendants in those proceedings hold their interests in the defendants here.  (One order spans 220 paragraphs and 50 pages).  Plaintiffs need additional time to digest this information, confirm the nature of the limited fund settlement, and present a thorough yet succinct explanation to the Court about why a limited fund settlement, and thus certification under Rule 23(b)(1)(B), is warranted.

8.     Thus, while the parties have diligently worked to meet the interim case management deadlines, they need additional time in which to move for approval of the Settlement Agreement.

9.     The parties therefore request a one-week extension of time in which to move

for approval of the Settlement Agreement.

10.     This motion is timely and is made in good faith and not for the purpose of delay.

11.     For these reasons, good cause exists to grant the requested extension.

12.     Pursuant to Local Rule 7.3(j), no brief is submitted with this motion and a proposed order is attached.

WHEREFORE, the parties respectfully request that the Court extend the deadline in which to move for approval of any class settlement to July 28, 2023.


This the 19th day of July, 2023,

*/s/ Patrick Grayson Spaugh*
Russ Ferguson (N.C. Bar No. 39671)
russ.ferguson@wbd-us.com
Matthew F. Tilley (NC Bar No. 40125)
matthew.tilley@wbd-us.com
Patrick G. Spaugh (N.C. Bar No. 49532)
patrick.spaugh@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
One Wells Fargo Center, Suite 3500
301 S. College Street
Charlotte, North Carolina 28202-6037
Phone: 704-350-6361

*Counsel for Alliance Ophthalmology, PLLC;*
*Dallas Retina Center, PLLC; Texas Eye and*
*Cataract, PLLC; and Hofacre Optometric*
*Corporation, on behalf of themselves and all*
*others similarly situated corporation, on behalf*
*of themselves and all others similarly situated*

4

*/s/ Matthew Nis Leerberg*
Matthew Nis Leerberg (N.C. Bar No. 35406)
mleerberg@foxrothschild.com
FOX ROTHSCHILD LLP
P.O. Box 27525
Raleigh, NC 27611
Phone: 919-755-8700

*Counsel for Defendants*

*/s/ Jean Sutton Martin*
Gary E. Mason
gmason@masonllp.com
MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Phone: 202-429-2290

Jean Sutton Martin (N.C. Bar No. 25703)
jeanmartin@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: 813-559-4908

Gary M. Klinger
gklinger@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866-252-0878

*Interim Co-Lead Counsel for Kimberly Farley, Chad Forrester, and Kimberly Sandvig, on behalf of themselves and all others similarly situated*

5