THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALLIANCE OPHTHALMOLOGY, PLLC; DALLAS RETINA CENTER, PLLC; TEXAS EYE AND CATARACT, PLLC; AND HOFACRE OPTOMETRIC CORPORATION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ECL GROUP, LLC; ECL HOLDINGS, LLC; EYE CARE LEADERS HOLDINGS, LLC; EYE CARE LEADERS PORTFOLIO HOLDINGS, LLC; INTEGRITY EMR, LLC; INTEGRITY EMR HOLDINGS, LLC; ALTA BILLING, LLC; AND ALTA BILLING HOLDINGS, LLC,<br><br>Defendants. | 1:22-CV-00296-LCB-JLW |
| KIMBERLY FARLEY, CHAD FORRESTER, AND KIMBERLY SANDVIG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EYE CARE LEADERS HOLDINGS, LLC,<br><br>Defendant. | 1:22-CV-00468-CCE-JLW |

## JOINT MOTION TO MODIFY WORD LIMIT

Pursuant to LR 7.3(d), the parties move the Court to modify the word limit for their Memorandum in Support of Joint Motion for Approval of Settlement Class and Preliminary Approval of Class Action Settlement ("Memorandum"). In support of this motion, the parties show the Court:

1. The word limit under LR 7.3(d) is 6,250 words. The parties need additional words for their Memorandum. Specifically, the Memorandum is 11,526 words.

2. The parties' Memorandum addresses essentially two motions into one to promote efficiency: (a) preliminary certification of settlement classes, and (b) preliminary approval of a class action settlement.

3. On top of that, the Memorandum seeks to summarize this complex litigation, which involves multiple actions that have been consolidated here, multiple settlement classes, complaints that are a combined 94 pages with 399 paragraphs of allegations, and a proposed global Class Action Settlement Agreement that spans 37 pages. The Memorandum also necessarily details Defendants' limited funds, which requires summarizing orders from a parallel State court action (one order spans 50 pages and 220 paragraphs) and available insurance coverage under four policies.

4. For these reasons, there is good cause to modify the word limit for the Memorandum.

5. A proposed order is attached.

WHEREFORE, the parties respectfully request that the Court modify the word limit for the Memorandum to 12,000 words.

This the 28th day of July, 2023,

*/s/ Matthew F. Tilley*
Russ Ferguson (N.C. Bar No. 39671)
russ.ferguson@wbd-us.com
Matthew F. Tilley (NC Bar No. 40125)
matthew.tilley@wbd-us.com
Patrick G. Spaugh (N.C. Bar No. 49532)
patrick.spaugh@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
One Wells Fargo Center, Suite 3500
301 S. College Street
Charlotte, North Carolina 28202-6037
Phone: 704-350-6361

*Counsel for Alliance Ophthalmology, PLLC; Dallas Retina Center, PLLC; Texas Eye and Cataract, PLLC; and Hofacre Optometric Corporation, on behalf of themselves and all others similarly situated corporation*

*/s/ Kristen Ward Broz*
Matthew Nis Leerberg (N.C. Bar No. 35406)
mleerberg@foxrothschild.com
FOX ROTHSCHILD LLP
P.O. Box 27525
Raleigh, NC 27611
Phone: 919-755-8700

*Counsel for Defendants*

3

*/s/ Jean Sutton Martin*

Gary E. Mason
gmason@masonllp.com
MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Phone: 202-429-2290

Jean Sutton Martin (N.C. Bar No. 25703)
jeanmartin@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: 813-559-4908

Gary M. Klinger
gklinger@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866-252-0878

*Interim Co-Lead Counsel for Kimberly Farley, Chad Forrester, and Kimberly Sandvig, on behalf of themselves and all others similarly situated*

4